STATE of Minnesota, Respondent,

v.

Howard Maxwell HARDY, Appellant.

No. 50944.

Supreme Court of Minnesota.

Feb. 20, 1981.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Gail S. Baez, Asst. County Atty., Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, aggravated robbery, and. assault with a dangerous weapon, Minn.Stat. §§ 609.05, −.225, subd. 2, −.245 (1978). The trial court sentenced defendant to a prison term of 1 year and 1 day to 20 years for the sex offense. Minn.Stat. § 609.11. On this appeal from judgment of conviction defendant contends (1) that his convictions should be reversed outright on the ground that the evidence of his guilt was legally insufficient or (2) that at least he should be granted a new trial because (a) the trial court errone-

ously admitted identification testimony which was the product of unnecessarily suggestive identification procedures and (b) the trial court erroneously refused, in its instructions on circumstantial evidence, to include the phrase that "all circumstances proved must be consistent with [guilt] and inconsistent with any other rational conclusion" in order for the jury to convict. We affirm.

■ There is no merit to the contention that the evidence was insufficient. In addition to positive in-court identification testimony of defendant by the victim, there was evidence that defendant fit the description given by the victim, evidence that he tried to flee and then hide from the police before he was captured minutes after the offense, evidence that he gave police a false name and false date of birth when he was arrested, and evidence that he was positively identified by the victim on the scene moments after his arrest.

■ A consideration of all the factors relevant to this on-the-scene showup moments after the offense convinces us that there was no "very substantial likelihood of irreparable misidentification"—*Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) —and therefore we hold that the trial court did not err in admitting the identification evidence.

■ Defendant's contention that the trial court erred in refusing to give the complete version of CRIMJIG 3.05—instead, omitting the phrase that "all circumstances proved must be consistent with [guilt] and inconsistent with any other rational conclusion" in order for the jury to convict—was answered negatively in our recent decision in *State v. Turnipseed*, 297 N.W.2d 308 (Minn. 1980).

Affirmed.