**STATE of Minnesota, Respondent,**

v.

**Howard Maxwell HARDY, Appellant.**

**No. 82–137.**

Supreme Court of Minnesota.

July 27, 1982.

---

William Gatton, Legal Rights Center, Inc., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

**AMDAHL, Chief Justice.**

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1979 petitioner was found guilty by a district court jury of criminal sexual conduct in the first degree, aggravated robbery, and assault with a dangerous weapon, and was sentenced by the trial court to a prison term of 1 year and 1 day to 20 years for the sex offense. Those convictions were affirmed in *State v. Hardy*, 303 N.W.2d 57 (Minn.1981). Petitioner's target release date is March 31, 1983.

Petitioner's criminal history score at the time of sentencing would have been zero. Criminal sexual conduct in the first degree is a severity level VIII offense. The presumptive sentence for this offense by one with petitioner's criminal history score is 43 months in prison. If petitioner were resentenced to the presumptive sentence, he apparently would be entitled to immediate release from prison.

As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Although petitioner presented evidence in support of his petition for resentencing, we do not believe that the postconviction court was compelled to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner, who is now 21 years old, remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.