**STATE of Minnesota, Respondent,**

v.

**Paul DOUGLAS, Appellant.**

**No. 82–197.**

Supreme Court of Minnesota.

Dec. 10, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Rick Osborne, Asst. County Attys., and Beverly J. Wolfe, Law Clerk, Minneapolis, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree and kidnapping, Minn.Stat. §§ 609.342(d), 609.25, subds. 1(2) and 2(1) (1980). The sex offense (a severity level VIII offense) is the more serious of the two offenses. The presumptive sentence for that offense when committed by a person with defendant's criminal history score (two) is 65 (60–70) months in prison. The trial court sentenced defendant to 70 months in prison, which is the maximum permitted in the absence of aggravating circumstances justifying departure. On this appeal from judgment of conviction defendant challenges the sufficiency of the evidence on the issue of identification and also the propriety of admitting eyewitness identification testimony, which defendant contends was tainted by unnecessarily suggestive eyewitness identification procedures.

There is no merit to the argument that the evidence identifying defendant was legally insufficient. The victim's assailant accosted her on the sidewalk and forced her to accompany him to an apartment, where he raped her. The state's evidence connected defendant to the apartment (his wife was the lessee) and the witness positively identified defendant as her assailant. Expert testimony established that defendant could not be scientifically excluded as the source of a semen stain found on the victim's clothing. Defendant tried to flee from the police when they came to the apartment to arrest him.

There is also no merit to defendant's contention that the trial court erred in denying his motion to suppress the eyewitness identification testimony on due process grounds. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Hardy,* 303 N.W.2d 57 (Minn.1981); *State v. Knight,* 295 N.W.2d 592 (Minn.1980).

Affirmed.