STATE of Minnesota, Respondent,

v.

Daryl HARRIS, Appellant.

No. C6–86–436.

Court of Appeals of Minnesota.

Nov. 25, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, Paul Jung, Asst. Co. Attys., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Marie Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by WOZNIAK P.J., NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Daryl Harris was convicted of attempted murder in the second degree, Minn.Stat. §§ 609.19, subd. 1, 609.17, 609.-05, and 609.11 (1984); aggravated robbery, Minn.Stat. §§ 609.245, 609.11, and 609.05 (1984); and six counts of assault in the second degree, Minn.Stat. §§ 609.222, 609.-11, and 609.05 (1984), for robbing a furniture store. On appeal he challenges the identification testimony, sufficiency of evidence, and the use of consecutive sentencing. We affirm.

## FACTS

Around 11:30 a.m. on August 30, 1985, two black males robbed the Complete Home Furniture Rental Store in Minneapolis. Both men pulled guns out and ordered everyone to get down on the floor. Joe Keenan, the president of the store, three employees, Farley Fait, Ann Hill, Tim Kent, and a customer dropped to the floor. Larry Bronson, another employee, turned and ran out the front door. Several shots were fired at him by the robbers. The robbers ripped the cash register out of the

wall and ran out the back door into an alley.

A witness observed them jump into a brown car which drove away; she noted the license number. Meanwhile, the police had arrived and obtained the license number from the witness. The car was soon spotted parked in front of a nearby duplex on Portland Avenue. A man and woman got in the car and drove away. They were stopped and the man, identified as John Peter Nunn, was taken back to the furniture store for possible identification.

Another man was seen running from the duplex and was chased and arrested by a police officer. He was also taken back to the furniture store. In the car he asked, "What's going on, what is this, a robbery?" The man was identified as appellant, Daryl Harris.

At the furniture store, appellant was identified by Keenan, Fait, Bronson, and Kent as one of the robbers. Nunn was also separately identified by some of the employees. Other officers brought two or three different black men to the store who were left in the back of a squad car. They were not identified by any of the employees.

The police conducted a search, pursuant to warrant, at the duplex later that afternoon and found a .357 Magnum and a silver .38 caliber gun in a duffle bag. Witnesses had identified appellant as the man with a silver handgun in the store. At trial the four employees who identified appellant at the scene all positively identified appellant as one of the robbers. Appellant was convicted of attempted murder in the second degree, aggravated robbery, and six counts of assault in the second degree. He was sentenced to 60 months imprisonment for attempted murder, consecutive to a 36–month sentence for aggravated robbery. A concurrent sentence of 36 months for four counts of second degree assault was imposed. One assault count was vacated and one count merged into the conviction for attempted murder.

## ISSUES

1. Was the eyewitness identification testimony properly admitted?

2. Was the evidence sufficient?

3. Did the trial court abuse its discretion in imposing consecutive sentencing?

## ANALYSIS

■ 1. Appellant and his accomplice were brought to the store separately for possible identification within an hour of the robbery. Appellant was positively identified by four employees. Show-ups are permissible identification tools by the police. *See State v. Lloyd*, 310 N.W.2d 463, 464 (Minn.1981); *State v. Hardy*, 303 N.W.2d 57, 58 (Minn.1981). A consideration of all the relevant factors to the identification satisfies us that there was no "very substantial likelihood of irreparable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977) (citing *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968)); *see Neil v. Biggers*, 409 U.S. 188, 201, 93 S.Ct. 375, 383, 34 L.Ed.2d 401 (1972).

■ 2. The evidence was sufficient to sustain appellant's convictions. Appellant was positively identified by four employees as the robber, the getaway car was traced to the duplex from which appellant was seen running, and a gun similar to the one he was seen carrying during the robbery was recovered from a duffle bag found in that house.

■ 3. Appellant concedes that consecutive sentencing was permissible under the sentencing guidelines. Minnesota Sentencing Guidelines II.F. Appellant argues that nevertheless the sentence unfairly exaggerates the criminality of his conduct. *See State v. Montalvo*, 324 N.W.2d 650, 652 (Minn.1982). We disagree. Appellant's sentence does not appear too harsh considering the circumstances of this crime. The trial court carefully considered the sentence and we do not believe that it was an abuse of discretion. *Massey v. State*, 352

N.W.2d 487, 489 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984).

## DECISION

Appellant's convictions and sentences are affirmed.

Affirmed.