**STATE of Minnesota, Respondent,**

v.

**Stanley LLOYD, Appellant.**

**No. 51640.**

Supreme Court of Minnesota.

Sept. 25, 1981.

Ragnhild Anne Westby, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Section, Michael McGlennen, Asst. County Attys., Thomas A. Weist and Anne E. Peek, Law Clerks, Minneapolis, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. Stat. § 609.245 (1980), and was sentenced by the trial court to a prison term of zero to 20 years. On this appeal from judgment of conviction defendant seeks a new trial, arguing (1) that the eyewitness identification testimony by the victim should have been suppressed as the product of an unfair one-person showup, (2) that part of a statement defendant made to the police should have been suppressed because it was the product of custodial interrogation which was not preceded by a *Miranda* warning, (3) that certain evidence suggesting prior misconduct by defendant and by his brother was erroneously admitted and prejudicial, (4)

that the prosecutor committed prejudicial misconduct in his closing argument, and (5) that the trial court's instructions improperly tended to shift the burden of proof to defendant. We affirm.

The victim in this case was robbed in the parking lot of a Minneapolis bar as he was accompanying a prostitute to his car. Police arrived on the scene within minutes after the robbery and entered the bar with the victim, who identified the prostitute. When the police entered the bar, defendant fled through a different door and was chased and captured. During the chase he abandoned a number of items taken in the robbery. The victim positively identified defendant in an on-the-scene one-person showup moments after defendant's arrest.

■ 1. A consideration of all the factors relevant to the identification satisfies us that there was no "very substantial likelihood of irreparable misidentification"— *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)—and therefore we hold that the trial court did not err in admitting the identification evidence.

■ 2. While the first part of a statement defendant made to the police on the scene after he was in custody and had been identified was volunteered and therefore admissible in the absence of a *Miranda* warning, the second part of this statement was in response to express questioning and therefore inadmissible in the absence of a *Miranda* warning. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). However, admissibility of the second part of the statement was harmless error beyond a reasonable doubt.

■ 3. Defendant's contention that part of his statement contained irrelevant prejudicial information suggesting prior misconduct by him was forfeited by his counsel's failure to object. *State v. Hjerstrom*, 287 N.W.2d 625 (Minn.1979). Although counsel did object to the elicitation of certain impeaching evidence that defendant's brother, who was an alibi witness, had

given similar testimony in 1974 for a different brother charged with robbery, the record contains no evidence that the trial court ruled on the objection. We have doubts about the propriety of the evidence but conclude that any error was nonprejudicial.

■ 4. Defense counsel did not object to the prosecutor's closing argument and defendant is deemed to have forfeited the issue. However, we note that the statement in question appears to be proper argument.

■ 5. Defendant's final contention focuses on (a) the trial court's statement that the jury's function was to determine guilt "or innocence" of the defendant and (b) the trial court's statement in final instructions that "it is the lawyer's function to present evidence on behalf of his client." Defense counsel did not object to either of these statements. However, as we did in *State v. Brouillette*, 286 N.W.2d 702 (Minn. 1979), we caution against the use of such language. Technically, a not guilty verdict is not a verdict of innocence and a jury should not be led to think that a defendant has any obligation to present evidence. *See Brouillette v. Wood*, 636 F.2d 215, 218 (8th Cir. 1980). Here our examination of the record completely satisfies us that the trial court's instructions as a whole did not leave the jury with the false impression that defendant had any burden of proof or any obligation to present evidence or with a false impression concerning the meaning of a not guilty verdict.

Affirmed.