**STATE of Minnesota, Respondent,**

v.

**Gary John SCHMIEG, Appellant.**

**No. 81–1059.**

Supreme Court of Minnesota.

Aug. 13, 1982.

Rehearing Denied Aug. 31, 1982.

Jack Nordby, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SCOTT, Justice.

Defendant was charged in district court with kidnapping and a variety of sex offenses in connection with the abduction and rape of two women, one on December 4, 1980, the other on February 9, 1981. In connection with the first incident defendant was charged with criminal sexual conduct in the first, second and third degrees and kidnapping, and in connection with the second incident he was charged with two counts each of criminal sexual conduct in the first and second degrees and one count of kidnapping. Pursuant to the advice of defense counsel, defendant agreed to a joinder of the charges for trial. The jury found him not guilty of the kidnapping charge in connection with the first incident but guilty of all the other charges. The trial court adjudicated defendant guilty of criminal sexual conduct in the first degree in connection with the first incident and guilty of criminal sexual conduct in the first degree and kidnapping in connection with the second incident. The trial court sentenced defendant consecutively for the two sex offenses to a total of 108 months in prison, 54 months for each of the two offenses.

On this appeal from judgment of conviction defendant argues that he is entitled to outright reversal of his convictions on the ground of insufficiency of evidence. Alternatively, he seeks a new trial because of prejudice resulting from (a) improper joinder of the offenses for trial, (b) improper elicitation of certain statements that the assailant made during the second incident concerning prior criminal misconduct, (c) improper use of his prior conviction to impeach his credibility as a witness, (d) prosecutorial misconduct in cross-examining him concerning his version of the first incident, and (e) erroneous instructions. We affirm.

■ There is no merit to defendant's contention that the evidence was insufficient to sustain the convictions.

■ Many of the other issues that defendant raises on appeal must be deemed forfeited by defense counsel's failure to raise them at trial.[1]

■ Defendant's claim that the trial court erred in allowing use of his prior conviction to impeach him raises an issue that we have addressed numerous times in recent years. Specifically, this case is similar to *State v. Bettin*, 295 N.W.2d 542 (Minn.1980); and *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979). The trial court adequately weighed the value of the use of the prior conviction and we find no error here.

■ Two of defendant's contentions concerning the instructions are answered by prior decisions of this court. *State v. Olkon*, 299 N.W.2d 89, 105 (Minn.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 19 (1981) (upholding trial court's decision not to give "morally certain" language in instruction on proof beyond a reasonable doubt); *State v. Turnipseed*, 297 N.W.2d 308, 312 (Minn.1980) (upholding omission from instruction on circumstantial evidence of language that "all circumstances proved must be consistent with [guilt] and inconsistent with any other rational conclusion").

■ Defense counsel did not object to an instruction that the prosecutor and defense counsel have a duty to present evidence on behalf of their clients, and our examination of the instructions as a whole satisfies us that the instructions did not give the jury the impression that defendant has any duty to present evidence. However, as in *State v. Lloyd*, 310 N.W.2d 463, 465 (Minn.1981), we again caution against the use in instructions of any language which might lead a jury to think that the defendant has an obligation to present evidence. *See State v. Brouillette*, 286 N.W.2d 702 (Minn.1979);

---

1. Defendant not only did not object to the joinder of offenses for trial but expressly agreed to the joinder. His trial counsel did not object to admission of evidence of the statements made to the victim during the second incident. Similarly, defense counsel did not object to the alleged misconduct by the prosecutor in cross-examining defendant concerning defendant's version of the first incident.

*Brouillette v. Wood*, 636 F.2d 215 (8th Cir. 1980) (Petition for Federal habeas corpus denied).

Affirmed.