STATE of Minnesota, Respondent,

v.

Jerry SHARPE, Appellant.

No. C6–82–1187.

Supreme Court of Minnesota.

Oct. 21, 1983.

**58**

C. Paul Jones, Minnesota State Public Defender by Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Hubert Humphrey, III, Atty. Gen., and Norman B. Coleman, Jr., and James B. Early, Sp. Asst. Attys. Gen., St. Paul, Greg Korstad, Isanti County Atty., Cambridge, for respondent.

KELLEY, Justice.

Defendant was convicted by a district court jury of burglary and theft of over $150, Minn.Stat. §§ 609.58, subd. 2(3), and 609.52, subds. 2(1) and 3(2) (1982), and was sentenced by the trial court to a prison term of 18 months, with execution stayed subject to certain conditions. On this appeal from judgment of conviction defendant seeks outright reversal on the ground that the evidence that he participated in the burglary and theft was legally insufficient. Alternatively, he seeks a new trial on the ground that the omnibus court erred in denying his motion to suppress certain evidence on fourth amendment grounds and that the trial court committed plain error in instructing the jury that it is the duty of an attorney to present evidence on behalf of his client. We affirm.

On the evening of March 13, 1982, the owners of a house in rural Isanti County returned to find their house being burglarized. In an ensuing chase the owners obtained the license number of the getaway vehicle driven by the burglars. Law enforcement officers ran a registration check and traced the vehicle to a woman residing in Zimmerman, in nearby Sherburne County. The officers went there and saw the car parked in an open unattached garage next to the woman's house. Defendant and one Lawrence Ervin Schnagel were in the house with the woman. Defendant apparently was living there and Schnagel was a guest. While officers searched the house pursuant to consent obtained from the woman, other officers, without specifically requesting to search outside, walked behind the garage, where they found stolen property in plain view. At that point defendant and Schnagel were arrested.

Schnagel pleaded guilty to the burglary and was called as a witness by the state at defendant's trial. He testified that defendant left the house with him and that they burglarized the Princeton residence together but he claimed that he then dropped defendant off on a rural road and committed the charged offenses alone before picking defendant up and returning to the Zimmerman house. The victims' testimony, however, adequately established that there were two people in the getaway car. That and other evidence provided sufficient support for the guilty verdicts.

Defendant's contention that the officers violated his fourth amendment rights in looking behind the garage is without merit. In so holding, we need not decide whether that area was an area in which defendant had a reasonable, justifiable and actual expectation of privacy, nor need we decide whether the explicit consent of the homeowner to search the house extended to the area behind the garage. Stated simply, there were exigent circumstances present which clearly provided the officers with adequate justification for the minimal intrusion involved in looking behind the garage.

Defendant's final contention, that the trial court committed plain error in instructing the jury that it is the duty of an attorney to present evidence on behalf of his client, is answered by our decision in *State v. Schmieg,* 322 N.W.2d 759, 760

(Minn.1982), where, although cautioning against the giving of such an instruction, we held that it was not plain error to do so.

Affirmed.