STATE of Minnesota, Respondent,

v.

Elvan HAASE, Appellant.

No. C1–82–1629.

Supreme Court of Minnesota.

Jan. 6, 1984.

Anderson, Sp. Asst. Attys. Gen., St. Paul, Raymond F. Schmitz, Olmsted County Atty., Rochester, for respondent.

C. Paul Jones, Kathy King, State Public Defenders, Minneapolis, for appellant.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a) (1982) (sexual contact with person under age 13 by person more than 36 months older), and intrafamilial sexual abuse in the second degree, section 609.3642, subd. 1(1) (sexual contact with child in family context). Both offenses are severity level VI offenses. The presumptive sentence for a severity level VI offense by a person with defendant's criminal history score (zero) is 21 months stayed. The trial court departed dispositionally and executed defendant's sentence. In his brief on appeal defendant contends that the prosecutor committed misconduct in his closing argument, that the trial court erred in its instructions, that the evidence was insufficient to support the verdicts, that it was unfair under Minn. Stat. § 609.04 to adjudicate him guilty of both offenses, and that the sentencing departure was improper.[1] We affirm.

It would serve no useful purpose to summarize the evidence on which defendant's convictions were based. It is sufficient to say that an examination of the record on appeal makes it clear that the evidence was sufficient to support the guilty verdicts. By virtue of his counsel's failure to object, defendant is deemed to have forfeited his right to have us consider the claims of trial error. We note, however, that no prejudicial trial error was committed.

■ Defendant apparently was formally adjudicated guilty of both offenses but was

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Janet Newberg

---

**1.** Shortly after he filed his brief, defendant was released from prison and therefore he no longer

pursues the sentencing issue.

sentenced only in connection with the offense of intrafamilial sexual abuse in the second degree. We find no violation of section 609.04, which generally forbids two convictions of the same offense or of one offense and a lesser included offense on the basis of the same conduct. Under *State v. Gayles*, 327 N.W.2d 1 (Minn.1982), the approach that one must take in applying the statute is to look at the statutory definitions rather than the facts in a particular case. 327 N.W.2d at 3. Doing this, we conclude that one can commit criminal sexual abuse in the second degree without committing intrafamilial sexual abuse in the second degree, and vice versa. *Cf. State v. Hesse*, 281 N.W.2d 491, 493 (Minn. 1979) (offense of criminal sexual conduct in the first degree and incest are different and neither is necessarily included in the other). Accordingly, we hold that adjudicating defendant guilty of both offenses did not violate section 609.04.

■ We, sua sponte, direct the attention of the trial court and trial counsel to the troublesome fact that we once again have before us a case where the trial court in its instructions to the jury gave, in substance, the first paragraph of 10 Minn. Dist. Judges Ass'n, Minnesota Practice, CRIM-JIG 3.11 which instructs the jury that an attorney is an officer of the court and that it is his duty to present evidence on behalf of his clients. In prior cases we have cautioned trial courts against the use of this instruction if it might lead a jury to conclude that a defendant in a criminal case has the obligation to present evidence. *State v. Sharpe*, 339 N.W.2d 57, 58–59 (Minn.1983); *State v. Schmieg*, 322 N.W.2d 759, 760 (Minn.1982); *State v. Lloyd*, 310 N.W.2d 463, 465 (Minn.1981). In those cases we stressed that defense counsel at trial made no objection and that, reading the instructions as a whole, the instructions given did not tend to leave the jury with the impression that the defendant had the duty to present evidence.

Here, defense counsel failed to object at trial to the instruction. Our examination of the instructions as a whole satisfies us that the instructions were unlikely to give the jury the impression that the defendant had any duty to present evidence. Accordingly, on the basis of the cited cases, we do not take action other than affirmance, but we reiterate the caution expressed in *Lloyd* and *Schmieg* that it is preferable not to give that instruction in a criminal case.

Affirmed.