**STATE of Minnesota, Respondent,**

v.

**Gary John HEINZER, Appellant.**

**No. C5–83–1322.**

Court of Appeals of Minnesota.

May 1, 1984.

Petition for Permission to Appeal Denied July 26, 1984.

C. Paul Jones, Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., John Dimich, Itasca County Atty., Grand Rapids, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Defendant Gary Heinzer appeals his conviction of criminal sexual conduct in the third degree (rape) in violation of Minn. Stat. § 609.344(c) (1982). He claims that he is entitled either to a reversal or a new trial because the jury instructions impermissibly removed the State's burden of proving lack of consent. He also claims a reversal is justified on the ground that the evidence was legally insufficient. We affirm.

## FACTS

The complainant and the defendant were acquaintances. Complainant had recently moved from Salt Lake City, Utah, to Deer River, Minnesota, to be closer to her boyfriend. At a party, the complainant and her boyfriend had a falling out over his plans to join the Army. Complainant left the party and went to the home of Daniel and Kate Renollet. Later in the evening, she discovered her boyfriend had been in a fight, and she decided to return to the party to learn what had happened.

Complainant started back to the party and met defendant. Defendant talked her out of returning to the party, telling her that everyone was leaving to go to the Renollets' home. They walked back to the Renollets' together. While there, the two engaged in sexual intercourse and oral sex. Both the complainant and defendant testified at trial. According to complainant, the acts were committed against her will by force. According to defendant, complainant consented.

The jury was instructed that the State had the burden of proving lack of consent. Over a defense objection, the trial court also instructed the jury that the State did not have to prove that the complainant resisted the defendant.

## ISSUES

1. Did the jury instructions impermissibly remove the State's burden of proving lack of consent?

2. Was the evidence legally sufficient to support defendant's conviction?

## ANALYSIS

### I

■ The State has the burden of proving the defendant raped the complainant without her consent. Minn.Stats. §§ 609.344, 609.341, subd. 12 (1982). This must be established beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Consent is defined by statute as "a voluntary uncoerced manifestation of a present agreement to perform a particular sexual act." Minn.Stat. § 609.-341, subd. 4 (1982).

Minnesota law does not require the State "to show that the complainant resisted the actor" in a prosecution for rape. Minn. Stat. § 609.347, subd. 2 (1982). The trial court stated this in the jury instructions. Defendant argues that although the trial court did not define "resist", the definition of resist is similar to that of "lack of consent" and therefore the jury was impermissibly confused and may have believed the State did not have to prove lack of consent.

■ The crime charged should be defined in the jury instructions, *State v. Crace*, 289 N.W.2d 54 (Minn.1979), and its elements should be explained to the jury. *State v. Carlson*, 268 N.W.2d 553 (Minn. 1978). *See State v. Williams*, 337 N.W.2d 689 (Minn.1983). The rule that the State need not prove the complainant resisted is not a mere evidentiary rule. Rather, it is part of the substantive law defining the offense of criminal sexual conduct. Committee Comment, Rule 404, Minn.R.Evid. (1977). Because the substantive law provides that the State need not prove the complainant resisted, the trial court correctly included this in the instructions.

Defendant also contends the trial court should have defined "resist" for the jury to avoid any possible confusion. *See State v. Lloyd*, 310 N.W.2d 463 (Minn.1981). The State contends the term has a commonly understood definition, thus negating any need for further definition.

■ Detailed definitions need not be given in jury instructions if the instructions do not mislead the jury or allow it to speculate over the meaning of the elements. *Peterson v. State*, 282 N.W.2d 878 (Minn. 1979). Words of common usage within the ordinary understanding of a juror need not be defined by the court. *Bohn v. U.S.*, 260 F.2d 773 (8th Cir.1958), *cert. den.* 358 U.S. 931, 79 S.Ct. 320, 3 L.Ed.2d 304, *reh. den.* 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258 (1959). Resist is a common word. In the context of sex offenses, it clearly has an understood meaning that the State need not prove the complainant physically struggled with the actor. In Minn.Stat. § 609.-347, subd. 2, the legislature recognized that rape is a crime of violence. As such, it is not required that the complainant use physical resistance in refusing to submit to an act of sexual penetration by force. Thus, the jury instructions given in this case were proper.

### II

Defendant's final claim is that the evidence was legally insufficient to convict him of rape. He argues that the complaining witness was not credible because she delayed reporting the offense for several days and she had a motive for claiming the act was without her consent. He further argues that there was no physical evidence which effectively corroborated her allegation of a sexual assault. The State contends that the issues of credibility and motive were for jury determination. The State further maintains that there was corroboration consisting of physical evidence of a torn shirt, testimony on the complainant's emotional state and evidence of her complaints following the incident to various people, including her boyfriend and a sexual assault counselor.

■ Although the testimony of the defendant and the complainant differed sharply, the jury is entitled to believe complainant's account of the events. *State v. Hamilton*, 289 N.W.2d 470 (Minn.1979). On review

we will construe the record most favorably to the State and will assume the evidence supporting the conviction was believed and the contrary evidence disbelieved. (citations omitted). This is especially true where resolution of the case depends on conflicting testimony, because weighing the credibility of witnesses is the exclusive function of the jury.

*State v. Pieschke,* 295 N.W.2d 580, 584 (Minn.1980). Additionally, corroboration of the testimony of a complainant in sex crime offenses is not required. Minn.Stat. § 609.347, subd. 1 (1982).

■ Here, we must assume the jury believed the complainant's account of the events. The complainant's testimony was not significantly impeached. There was some evidence of corroboration, although it was not strong. Viewing the record most favorably to the State, a jury could reasonably conclude that the defendant was guilty. *State v. Merrill,* 274 N.W.2d 99 (Minn.1978).

### DECISION

The jury instructions were not confusing and did not impermissibly remove the State's burden of proving lack of consent. It was proper to instruct the jury that the State need not prove the complainant resisted the defendant. Finally, the evidence was legally sufficient to convict defendant of criminal sexual conduct in the third degree.

Affirmed.