**STATE of Minnesota, Respondent,**

v.

**Charles L. GREENSKY, Appellant.**

**No. C7–83–155.**

Supreme Court of Minnesota.

May 18, 1984.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Donald J. Diesen, Carlton County Atty., Carlton, for respondent.

---

PETERSON, Justice.

Defendant was found guilty by a district court jury of assault in the first degree, Minn.Stat. § 609.221 (1982), and was sentenced by the trial court to 54 months in prison, which is the presumptive sentence for the offense when committed by a person with defendant's criminal history score (one). On this appeal from judgment of conviction defendant seeks an outright reversal on the ground that the state failed to prove that he committed the crime or a new trial on the ground that the trial court committed plain error in its instructions on proof beyond a reasonable doubt. Defendant's contention that the evidence of his guilt was legally insufficient is meritless. The instruction by the trial court on reasonable doubt concluded with the statement that "It is enough that the defendant's evidence, taken along with the evidence of the prosecution, raises a reasonable doubt as to his guilt and in such case, he should be acquitted." Defendant contends on appeal that this statement implied that it is not enough if the evidence of the prosecution alone raises a reasonable doubt as to the defendant's guilt. However, defense counsel did not object to the statement at trial. Further, our examination of the record satisfies us that the court's instructions, looked at in their entirety, did not leave the jury with the impression that defendant had any obligation to present evidence or any burden of proof. *State v. Schmieg*, 322 N.W.2d 759 (Minn.1982). In fact, the trial court emphasized that the defendant had no burden to sustain. We nonetheless again caution trial courts against the use in instructions of any language that might mislead the jury into thinking that a criminal defendant has any burden to produce evidence or prove his lack of guilt. *See State v. LaForge*, 347 N.W.2d 247 (Minn., filed April 6, 1984) (holding that it was plain error for trial court to give an instruction which may have misled the jury into thinking that defendant had the burden of proving lack of intent).

Affirmed.