**STATE of Minnesota, Respondent,**

v.

**Nosakhere HOLMES, Appellant.**

**No. A07–1445.**

Supreme Court of Minnesota.

Feb. 25, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant Hennepin County Attorney, Minneapolis, MN, for respondent.

Nosakhere Holmes, Bayport, MN, pro se.

## OPINION

DIETZEN, Justice.

Appellant Nosakhere Holmes was convicted of aiding and abetting first-degree burglary with assault and aiding and abetting third-degree assault and was sentenced for both offenses. Holmes challenged the conviction and sentence for third-degree assault, arguing that Minn. Stat. § 609.582, subd. 1(c) (2008), incorporates assault into this first-degree burglary offense, and therefore the assault is not "any other crime" within the meaning of Minn.Stat. § 609.585 (2008). The court of appeals affirmed, and we granted review. Because we conclude that Minn.Stat. § 609.585 permits a defendant to be convicted of and sentenced for both offenses in these circumstances, we affirm.

### I.

Shortly after midnight on July 29, 2006, police responded to a 911 call from Andre Williams' residence. Police interviewed Williams and his daughter, A.W., regarding a burglary of their home and an assault of Williams. According to both Williams and A.W., appellant Nosakhere Holmes was involved in the burglary and assault. Williams was taken to the hospital with injuries, including three missing teeth, cuts on his head that required stitches, and a hairline jaw fracture.

Following a police investigation, the State charged Holmes with aiding and abetting first-degree burglary with assault, in violation of Minn.Stat. §§ 609.582, subd. 1(c), and 609.05 (2008), and aiding and abetting third-degree assault, in violation of Minn.Stat. §§ 609.223, subd. 1 (2008), and 609.05.

At trial, the State presented testimony that Williams, his girlfriend Syrita Benson, and A.W. lived together in an upper-level duplex in July 2006. On July 28, 2006, Benson "beat up" one of A.W.'s friends. In retaliation, A.W.'s friends "bust[ed] in" the main entrance door to the duplex and "jumped" Benson. Benson called Williams at work to ask "what [he's] going to do about it."

Later that night, Williams, Benson, and A.W. went to a movie. After they returned home, Williams and Benson went to their room. Williams heard a "loud thump" and then saw Benson's father and two brothers, one of whom was appellant Holmes, standing in the bedroom doorway. Holmes attacked Williams with a pole, yelling "you jumped my sister."

Following the trial, the jury found Holmes guilty of both counts. Pursuant to Minn.Stat. § 609.585, which allows conviction and sentencing for burglary and "any other crime" committed during the burglary, the trial court convicted and sentenced Holmes for both offenses. Specifically, the trial court sentenced Holmes to 78 months for first-degree burglary with assault and 21 months for third-degree assault, to be served concurrently.[1]

---

1. Although the 21-month sentence for third-degree assault is presumptively stayed, it was executed at Holmes' request.

Holmes appealed, arguing, among other things, that the trial court erred in convicting and sentencing him for first-degree burglary with assault and third-degree assault. The court of appeals affirmed. *State v. Holmes*, 758 N.W.2d 326, 332 (Minn.App.2008). We granted review solely on whether Minn.Stat. § 609.585 allows for conviction of and sentencing for first-degree burglary with assault and third-degree assault committed during the course of the burglary.[2]

## II.

This case requires the interpretation of Minn.Stat. §§ 609.035 (2006), 609.04 (2008), and 609.585, to determine whether Holmes may be separately convicted of and sentenced for first-degree burglary with assault and third-degree assault committed during the course of the burglary when there is only one assault.

Statutory construction presents a question of law that we review de novo. *State v. Loge*, 608 N.W.2d 152, 155 (Minn. 2000); *State v. Stevenson*, 656 N.W.2d 235, 238 (Minn.2003). The goal of all statutory construction is to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2008). When interpreting a statute, we must first determine whether the statute's language is clear and unambiguous. *See State v. Bluhm*, 676 N.W.2d 649, 651 (Minn.2004). If it is not ambiguous, we must apply its plain meaning. *Id.; State v. Maurstad*, 733 N.W.2d 141, 148 (Minn.2007). A statute is ambiguous if the language is susceptible to more than one reasonable interpretation. *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). When a criminal statute

is ambiguous, we construe the statute narrowly in favor of lenity. *Maurstad*, 733 N.W.2d at 148.

Minnesota law generally prohibits a person from being punished twice for conduct that is part of the same behavioral incident, with certain exceptions. "Except as provided in ... section[ ] ... 609.585 ... if a person's conduct constitutes more than one offense under the laws of this state, a person may be punished for only one of the offenses." Minn.Stat. § 609.035, subd. 1. Minnesota Statutes § 609.585, in turn, states that "a prosecution for or conviction of the crime of burglary is not a bar to conviction of or punishment for any other crime committed on entering or while in the building entered."

We observe that Minn.Stat. § 609.585 was first published in 1886 as section 393 of Minnesota's Penal Code. *See* Act of March 9, 1885, ch. 240, § 1, 1885 Minn. Laws 311, 311 (authorizing the secretary of state to publish a penal code). Section 393 was renumbered several times between 1886 and 1961, but the wording remained essentially the same. *See* Penal Code § 393 ("A person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein, is punishable therefor, as well as for the burglary; and may be prosecuted for each crime, separately."). When the statute was codified as Minn. Stat. § 609.585 in 1963, the language was changed, and then amended to its current version in 1993. The 1993 version provided that "*[n]otwithstanding section 609.04, a prosecution for or conviction of the crime of burglary is not a bar to conviction or punishment for any other crime commit-*

---

**2.** Holmes was represented by counsel when this court granted his petition for review, and this attorney filed a brief on his behalf. Holmes later filed a waiver of counsel, and as a result, he is not currently represented by

counsel. We have considered this case, which was heard without oral argument, based on the brief filed by Holmes' former counsel.

ted on entering or while in the building entered." Act of May 20, 1993, ch. 326, art. 4, § 16, 1993 Minn. Laws 1974, 2031 (emphasis added; italicized language indicates the 1993 amendments).

In *State v. Alexander*, we concluded that Minn.Stat. § 609.035 allows for separate convictions and sentences for burglary and crimes committed during the burglary, and that multiple punishments for a single behavioral incident involving burglary "will not unduly exaggerate the culpability of a defendant's conduct." 290 N.W.2d 745, 750 (Minn.1980). Thus, Minn.Stat. § 609.035 allows for separate convictions and sentences for first-degree burglary with assault and "any other crime" committed inside the building during the burglary.

Minnesota Statutes § 609.04 prohibits a conviction for both the crime charged and an included offense. Minn.Stat. § 609.04, subd. 1 ("Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both."). This statute "generally forbids two convictions of the same offense or of one offense and a lesser included offense on the basis of the same conduct." *State v. Haase*, 341 N.W.2d 879, 881 (Minn.1984). An included offense includes "[a] crime necessarily proved if the crime charged were proved." Minn.Stat. § 609.04, subd. 1(4). But Minn.Stat. § 609.585 specifically provides that section 609.04's prohibition against multiple convictions for included offenses does not apply to a conviction for burglary and any crime committed during the burglary. Minn.Stat. § 609.585 ("Notwithstanding section 609.04, a prosecution for or conviction of the crime of burglary is not a bar to conviction of or punishment for any other crime committed on entering or while in the building entered.").

Consequently, we must determine whether third-degree assault is "any other crime" within the meaning of Minn.Stat. § 609.585 when a defendant is convicted of burglary with an assault based on a single course of conduct involving one assault. If third-degree assault is "any other crime," Holmes may be convicted and sentenced for both the burglary with assault and the third-degree assault. If it is not "any other crime," Minn.Stat. § 609.585 may not be used to allow multiple convictions and sentences based on the same conduct.

A person may commit first-degree burglary in several ways. *See* Minn.Stat. § 609.582, subd. 1. The building entered may be an occupied dwelling, *id.*, subd. 1(a); the burglar may possess a dangerous weapon, *id.*, subd. 1(b); or the burglar may "assault a person within the building or on the building's appurtenant property." *Id.*, subd. 1(c). Holmes was convicted of and sentenced for violating Minn.Stat. § 609.582, subd. 1(c), first-degree burglary with assault.

Holmes argues that third-degree assault is included in the crime of first-degree burglary with assault, and therefore is not "any other crime" committed during the burglary under Minn.Stat. § 609.585. Specifically, Holmes argues that Minn.Stat. § 609.582, subd. 1(c), incorporates assault into the first-degree burglary offense, and therefore third-degree assault is the same offense as the burglary, and not "any other crime."

■ Generally, when considering whether multiple convictions are prohibited, the court compares the statutory elements of both crimes and determines whether the elements of the crimes are different. *See State v. Bertsch*, 707 N.W.2d 660, 664 (Minn.2006) (in determining if an offense is a lesser-included offense under Minn.Stat. § 609.04, "a court examines the elements of the offense instead of the facts of the

particular case"); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (concluding that for purposes of the Double Jeopardy Clause's prohibition on multiple prosecutions for the same crime, a court must determine whether the two offenses require proof of different statutory elements). We chose to apply this principle to determine whether a crime committed during a burglary is "any other crime" within the meaning of the statute. Holmes' proposed interpretation focuses on the "type" of crime, such as assault, and not on whether the statutory elements are different. Moreover, Holmes would require us to add words to the statute to limit its application to crimes other than assault.

■ We conclude that under Minn.Stat. § 609.585, a conviction of first-degree burglary with assault is not a bar to a conviction of or sentence for "any other crime" committed during the course of the burglary. We read the statute to allow a conviction of another crime committed in the same course of conduct as the burglary, provided that the statutory elements of that crime are different than the crime of burglary. The phrase "any other crime" means a crime that requires proof of different statutory elements than the crime of burglary. Thus, the court must examine whether the crimes of first-degree burglary and third-degree assault require proof of different statutory elements.

First-degree burglary with assault prohibits a person from (1) "enter[ing] a building without consent and with intent to commit a crime, or enter[ing] a building without consent and commit a crime while in the building," and (2) "assault[ing] a person within the building or on the building's appurtenant property." Minn.Stat. § 609.582, subd. 1(c). An assault is "an act done with intent to cause fear in another of immediate bodily harm or death; or

... the intentional infliction of or attempt to inflict bodily harm upon another." Minn.Stat. § 609.02, subd. 10 (2008).

Third-degree assault prohibits a person from (1) "assault[ing] another" and (2) "inflict[ing] substantial bodily harm" on them. Minn.Stat. § 609.223, subd. 1. Substantial bodily harm is "bodily injury which involves a temporary but substantial disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ, which causes a fracture of any bodily member." Minn.Stat. § 609.02, subd. 7a (2008).

Thus, third-degree assault requires as an element the infliction of "substantial bodily harm" upon the victim, but first-degree burglary with assault does not. Because third-degree assault requires proof of different statutory elements than first-degree burglary with assault, it falls within the meaning of "any other crime" under Minn.Stat. § 609.585. Under the statute, when there is a single course of conduct involving one assault, a conviction and sentence for first-degree burglary with assault is not a bar to a conviction and sentence for third-degree assault committed during the course of the burglary.

Previous cases decided by this court support our conclusion. *See State v. Mullen,* 577 N.W.2d 505, 506, 511 (Minn.1998) (concluding that first-degree burglary with assault and fifth-degree assault convictions and sentences were allowed by Minn.Stat. § 609.585); *State v. Gant,* 305 N.W.2d 790, 791, 793 (Minn.1981) (concluding that burglary with assault and first-degree criminal sexual conduct were not the same offense under Minn.Stat. § 609.585 because "proof of rape was not a necessary element of the proof of burglary of a dwelling accompanied by an assault; only a proof of some sort of an assault was needed"); *Alexander,* 290 N.W.2d at 748, 750 (concluding that "[a] burglary and the crime com-

mitted after entering the building are not the same offense," and that Minn.Stat. § 609.585 "authorizes serialized prosecutions for burglary and related offenses").

Finally, Holmes argues that the punishment for assault is "already taken into account by the first-degree burglary with assault ... punishment." Holmes correctly points out that first-degree burglary of an occupied dwelling carries a presumptive sentence of 39 months, and first-degree burglary with assault carries a presumptive sentence of 78 months.[3] *See* Minn. Sent. Guidelines IV, V.

The Sentencing Guidelines, however, are not the basis upon which we should determine the meaning of "any other crime" under Minn.Stat. § 609.585. Rather, we are guided by our rules of statutory construction and case law, both of which lead to the conclusion that when there is a single course of conduct involving one assault, third-degree assault is "any other crime" committed during the course of first-degree burglary with assault. It is the prerogative of the legislature to define crimes and determine the punishment for those crimes. *See* Minn.Stat. § 609.095 (2008) ("The legislature has the exclusive authority to define crimes and offenses and the range of the sentences or punishments for their violation."); *State v. Misquadace,* 644 N.W.2d 65, 68 (Minn.2002).

Affirmed.

---

3. The presumptive sentences discussed here are based on Holmes' criminal history score.