*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0694**

State of Minnesota,
Respondent,

vs.

Erik Everett Wenzel,
Appellant.

**Filed April 1, 2024**
**Affirmed**
**Larson, Judge**

Otter Tail County District Court
File No. 56-CR-21-2116

Keith Ellison, Attorney General, Jacob Campion, Assistant Attorney General, St. Paul, Minnesota; and

Michelle Eldien, Otter Tail County Attorney, Fergus Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara L. Martin, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Larson, Judge; and Florey, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**LARSON**, Judge

After a jury trial, appellant Erik Everett Wenzel challenges two convictions for first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(a), (g) (2014). Wenzel argues the district court abused its discretion when it denied his motion for in camera review of the victim's medical records, sustained the state's objection to testimony about his alleged medical condition, and denied his motion for a *Schwartz* hearing.[1] Wenzel also argues the district court erred when it entered judgment for two first-degree criminal-sexual-conduct convictions. We affirm.

## FACTS

In August 2021, the state charged Wenzel with two counts of first-degree criminal sexual conduct pursuant Minn. Stat. § 609.342, subd. 1(a), (g).[2] We derive the following facts from the evidence presented at trial.

The victim, I.M., was born in 2010. Wenzel was married to I.M.'s aunt, and they lived on a 20-acre property in Otter Tail County. The couple frequently babysat I.M. and

---

[1] A *Schwartz* hearing is a proceeding in which a district court determines whether a guilty verdict was the result of juror misconduct. *See Schwartz v. Minneapolis Suburban Bus Co.*, 104 N.W.2d 301, 303 (Minn. 1960). When a hearing is warranted, "the [district] court may summon the juror who alleges jury misconduct and permit, with proper safeguards, an examination to be conducted in the presence of counsel for all interested parties and the [district court] judge." *Zimmerman v. Witte Transp. Co.*, 259 N.W.2d 260, 263 (Minn. 1977).

[2] The state also charged Wenzel with two counts of second-degree criminal sexual conduct pursuant Minn. Stat. § 609.343, subd. 1(a), (g). Although the jury found Wenzel guilty on these charges, the district court correctly did not enter judgment of conviction because they were lesser-included offenses. *See* Minn. Stat. § 609.04 (2014).

her siblings for extended overnight visits. I.M. testified that Wenzel sexually assaulted her multiple times during those visits. As relevant here, I.M. testified that Wenzel sexually assaulted her in a fish house around the time when she was in first grade (fish-house incident). I.M. also testified that Wenzel sexually assaulted her in the upstairs of his home around the time when she was in second grade (upstairs incident). I.M.'s testimony was corroborated by her mother's testimony that I.M. described memories consistent with the two incidents and a social worker's testimony that I.M. described both incidents during an interview.

Before trial, Wenzel moved for the district court to review I.M.'s medical records in camera to see if they contained information relevant to the case—specifically whether I.M. had contracted a sexually transmitted infection (STI). In his motion, Wenzel requested that the district court compel the state to obtain the records. The district court denied Wenzel's motion without prejudice, reasoning in part that Wenzel's request was procedurally defective because the district court cannot compel the state to access privately held medical records, and Wenzel had not sought a third-party subpoena for the medical records.[3]

During trial, Wenzel attempted to testify that he had an STI and wanted to compare his alleged diagnosis to the lack of evidence that I.M. had the same STI. The state objected, and the district court sustained the objection. The district court reasoned, in part, that (1) Wenzel failed to present any expert testimony regarding the STI's transmission and

---

[3] After the district court denied his motion, Wenzel never sought a third-party subpoena for the medical records.

(2) the evidence was irrelevant and unfairly prejudicial. The jury found Wenzel guilty on both first-degree criminal-sexual-conduct counts. The district court then entered two convictions for those counts.

The day after trial, a juror emailed the district court, expressing regret that he agreed to the guilty verdicts. As relevant to the issues raised in this appeal, the juror stated that the foreman "somehow got us all to agree to convict." After the district court received the email, Wenzel moved for a *Schwartz* hearing. The district court denied his motion.

The district court sentenced Wenzel concurrently to 144 months in prison on count I, indicating the sentence was for the fish-house incident, and 180 months in prison on count II, indicating the sentence was for the upstairs incident. This appeal follows.

## DECISION

Wenzel argues the district court abused its discretion when it made certain pretrial, evidentiary, and posttrial decisions that warrant a new trial. Wenzel also challenges the district court's decision to enter two first-degree criminal-sexual-conduct convictions, asserting that we should reverse and remand for the district court to vacate one conviction. We address both issues below.

## I.

Wenzel argues the district court erred when it denied his motion to review I.M.'s medical records in camera, sustained the state's objection to testimony about his alleged STI, and denied his motion for a *Schwartz* hearing. We review these issues for an abuse of discretion. *State v. Hokanson*, 821 N.W.2d 340, 349 (Minn. 2012) (in camera review of medical records); *State v. Larson*, 787 N.W.2d 592, 597 (Minn. 2010) (evidentiary rulings);

4

*State v. Church*, 577 N.W.2d 715, 721 (Minn. 1998) (*Schwartz* hearing). "A district court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Hallmark*, 927 N.W.2d 281, 291 (Minn. 2019) (quotation omitted).

## A. Medical Records

Wenzel first argues the district court abused its discretion when it denied his motion to review I.M.'s medical records in camera. In doing so, Wenzel makes several arguments regarding whether he made a "plausible showing" that I.M.'s medical records contained information "material and favorable to his defense." *See State v. Hummel*, 483 N.W.2d 68, 72 (Minn. 1992) (quotation omitted). But Wenzel wholly fails to address the district court's primary reason for denying his motion: the district court cannot compel the state to access privately held medical records, and Wenzel failed to seek a third-party subpoena to access the medical records.

A valid request for in camera review must comply with the procedural rules to compel disclosure. *See State v. King (In re Program to Aid Victims of Sexual Assault)*, 943 N.W.2d 673, 676-77 (Minn. App. 2020). Generally, Minn. R. Crim. P. 9.01 provides the mechanism for a defendant to obtain matters in the state's possession. *See id.* at 676. But when the defendant seeks to compel disclosure of matters held by a third party, the defendant must comply with Minn. R. Crim. P. 22.02, subd. 2(c), which provides: "A subpoena requiring the production of privileged or confidential records about a victim . . . may be served on a third party only by court order."

In *King*, the district court ordered a counseling center to produce a victim's records after the state failed to obtain the documents. 943 N.W.2d at 675. We granted the counseling center's writ of prohibition, preventing the district court from enforcing its order. *Id.* at 676-77. We reasoned that, to obtain a victim's privileged or confidential records from a third party, the defendant needed to obtain a subpoena under Minn. R. Crim. P. 22.01, subd. 2(c). *Id.* Because the defendant failed to do so, the district court lacked the authority to compel the counseling center to disclose the records. *Id.* at 677.

Here, Wenzel requested that the district court compel the state to obtain I.M.'s privately held medical records. Wenzel did not move for a court-ordered subpoena under rule 22.02, subdivision 2(c). Consistent with *King*, the district court denied Wenzel's motion without prejudice on the ground that Wenzel had not requested a third-party subpoena. *See id.* at 676-77. And after the district court advised Wenzel that a third-party subpoena was necessary, Wenzel still did not file a motion under rule 22.01, subdivision 2(c), to seek a subpoena for I.M.'s medical records.

Because the district court appropriately denied Wenzel's motion for in camera review on the ground that he had failed to follow the proper procedure, we conclude the district court did not abuse its discretion.

## B.    STI Testimony

Wenzel next argues that the district court erred when it sustained the state's objection to Wenzel testifying that he had an STI. The district court sustained the state's objection on the grounds that the testimony was irrelevant, unfairly prejudicial, and—with regard to transmissibility of the STI—required an expert opinion. Wenzel argues the

6

evidentiary ruling deprived him of his constitutional right to present a complete defense. *See State v. Richards*, 495 N.W.2d 187, 191 (Minn. 1992) ("Under our system of jurisprudence, every criminal defendant has the right to be treated with fundamental fairness and afforded a meaningful opportunity to present a complete defense." (quotation omitted)).

When a "defendant claims that the exclusion of evidence deprived him of his constitutional right . . . to present a complete defense," we reverse if the district court's abuse of discretion "was not harmless beyond a reasonable doubt." *State v. Zumberge*, 888 N.W.2d 688, 694 (Minn. 2017). "An error in excluding evidence is harmless only if" we are "satisfied beyond a reasonable doubt that if the evidence had been admitted and the damaging potential of the evidence had been fully realized, a [reasonable] jury would have reached the same verdict." *State v. Olsen*, 824 N.W.2d 334, 340 (Minn. App. 2012) (alteration in original) (quotation omitted), *rev. denied* (Minn. Feb. 27, 2013). Here, even if the district court had abused its discretion when it excluded Wenzel's testimony, Wenzel has failed to show that the error was not harmless beyond a reasonable doubt. The state presented a robust case against Wenzel. I.M. testified in great detail about the two incidents. And both I.M.'s mother and a social worker corroborated I.M.'s testimony, testifying that I.M. previously described the same incidents. Under these circumstances, we are satisfied beyond a reasonable doubt that if the evidence had been admitted the jury would have reached the same verdict.

**C.      *Schwartz* Hearing**

Wenzel also argues the district court abused its discretion when it denied his motion for a *Schwartz* hearing.  Wenzel argues that the juror's email presented a prima facie case for a *Schwartz* hearing because the juror alleged that he compromised his honest beliefs due to pressure from the foreman.  We are not persuaded.

After trial, a defendant may move to impeach a jury verdict and the district court may order a hearing to examine jurors "under oath [with] their testimony recorded."  Minn. R. Crim. P. 26.03, subd. 20(6).  This hearing, known as a *Schwartz* hearing, investigates "whether a jury verdict is the product of misconduct."  *State v. Greer*, 635 N.W.2d 82, 93 (Minn. 2001).  A defendant is entitled to a *Schwartz* hearing when they present a prima facie case that, "standing alone and unchallenged, would warrant the conclusion of jury misconduct."  *State v. Martin*, 614 N.W.2d 214, 225-26 (Minn. 2000) (quotation omitted).

A district court "should be liberal in granting [a *Schwartz*] hearing."  *Zimmerman v. Witte Transp. Co.*, 259 N.W.2d 260, 263 (Minn. 1977).  Nevertheless, a juror's testimony must be admissible under Minn. R. Evid. 606(b).  *See* Minn. R. Crim. P. 26.03, subd. 20(6).  Therefore, to require a hearing, some alignment must exist between the juror's allegations and the type of testimony rule 606(b) permits a defendant to elicit.  *See Martin*, 614 N.W.2d at 226.  Under rule 606(b), "a juror may testify" about conduct including "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror, or as to any threats of violence or violent acts brought to bear on jurors."  Accordingly, when a juror alleges that other jurors exerted pressure, but does not allege "threats of violence or violent

8

acts," a district court does not abuse its discretion when it denies a motion for a *Schwartz* hearing. *See State v. Jackson*, 615 N.W.2d 391, 396 (Minn. App. 2000), *rev. denied* (Minn. Oct. 17, 2000); Minn. R. Evid. 606(b) 1989 comm. cmt. ("The [district] court must distinguish between testimony about 'psychological' intimidation, coercion, and persuasion, which would be inadmissible, as opposed to express acts or threats of violence.").

Here, Wenzel failed to present a prima facie case that "standing alone and unchallenged" shows juror misconduct. *See Martin*, 614 N.W.2d at 225-26. The juror's email to the district court only asserts that the juror experienced psychological pressure: "somehow [the foreman] got us all to agree to convict." The juror did not indicate that he experienced violence, a threat of violence, or other circumstances he could have testified about under rule 606(b).[4] *See Jackson*, 615 N.W.2d at 396. Therefore, we conclude the district court did not abuse its discretion when it denied Wenzel's motion for a *Schwartz* hearing.

## II.

Wenzel alternatively argues that the district court erred when it convicted him of two counts of first-degree criminal sexual conduct on the ground that the jury could have based both guilty verdicts on the same conduct. *See* Minn. Stat. § 609.04 (2014)

---

[4] Wenzel relies heavily on our nonprecedential case *State v. Schwendeman*, No. A20-0762, 2021 WL 2645468 (Minn. App. June 28, 2021). There, a juror alleged that the court bailiff instructed the jury during deliberations to "compromise." *Id.* at *4. We concluded that the district court abused its discretion when it denied the defendant's motion for a *Schwartz* hearing because the defendant alleged "someone other than the court [gave] instructions to the jury." *Id.* at *8. Here, the juror did not report any outside influence on the jury.

9

(prohibiting multiple convictions for offenses arising from the same conduct). We review whether an offense is subject to multiple convictions de novo. *State v. Cox*, 820 N.W.2d 540, 552 (Minn. 2012). "Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04, subd. 1. Minnesota appellate courts have consistently construed section 609.04 to bar multiple convictions for the same offense stemming from a single act. *See, e.g.*, *State v. Cruz*, 997 N.W.2d 537, 556 (Minn. 2023) (vacating, sua sponte, a duplicative second-degree intentional-murder conviction when defendant was also convicted of first-degree felony murder stemming from a single killing); *State v. Holmes*, 778 N.W.2d 336, 340 (Minn. 2010) ("This statute 'generally forbids two convictions of the same offense . . . on the basis of the same conduct.'" (quoting *State v. Haase*, 341 N.W.2d 879, 881 (Minn. 1984))); *State v. Spears*, 560 N.W.2d 723, 726-27 (Minn. App. 1997) (vacating three of six convictions of first-degree criminal sexual conduct where convictions were based on three distinct acts), *rev. denied* (Minn. May 28, 1997). The bar on multiple convictions for a single act includes duplicative first-degree criminal-sexual-conduct convictions. *See State v. Bowser*, 307 N.W.2d 778, 779 (Minn. 1981).

Here, the record shows the jury found Wenzel guilty of two counts of first-degree criminal sexual conduct for separate events. At trial, I.M. testified in detail that the fish-house and upstairs incidents were separate events that occurred at different times. During closing argument, the prosecutor explicitly connected count I to the fish-house incident and count II to the upstairs incident. The jury instructions correlated count I with conduct that occurred during the fish-house incident and count II with conduct that occurred during the

10

upstairs incident. And upon convicting Wenzel, the district court stated on the record that it premised Wenzel's sentence for count I on the fish-house incident and his sentence for count II on the upstairs incident. Therefore, the record clearly shows the jury based its guilty verdicts on, and the district court entered convictions of, separate acts.[5] We conclude the district court did not err when it imposed two convictions.

**Affirmed.**

---

[5] To the extent Wenzel separately argued the district court erred when it imposed two sentences for his first-degree criminal-sexual-conduct convictions, we also conclude the record shows the district court sentenced Wenzel for offenses arising out of two separate behavioral incidents under Minn. Stat. § 609.035 (2014). *See State v. Barthman*, 938 N.W.2d 257, 265-66 (Minn. 2020).