**STATE of Minnesota, Respondent,**

v.

**Willie Darrell TROTTER, Appellant.**

**No. C3–84–308.**

Court of Appeals of Minnesota.

Sept. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Mary R. Vasaly, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY, and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Willie Darrel Trotter was convicted of criminal sexual conduct in the first degree, criminal sexual conduct in the third degree, and kidnapping in violation of Minn.Stat. §§ 609.342(c), 609.344(c) and 609.25 (1982). Upon motion, the trial court vacated the conviction for criminal sexual conduct in the first degree and only sentenced appellant on the criminal sexual conduct in the third degree offense; no sentence was given for the kidnapping. Appellant was sentenced to a prison term of 32 months. On appeal he claims the evidence was insufficient to convict him and the trial court erred in allowing evidence of "shock" reactions. We affirm.

## FACTS

The complainant left to visit her children one Sunday morning. While walking to the bus stop, she was approached by a man, identified later as appellant. According to complainant, appellant pushed her down between some houses and sexually penetrated her. Over her struggles, he then dragged her to the back yard and again sexually assaulted her. He then pulled her into a garage and sexually penetrated her a third time. She ran away, but appellant caught her near a Tom Thumb store. A clerk at the store called the police. The clerk saw appellant holding the complainant in a "headlock" and saw him strike her.

The complainant reported to the police officers that she had been raped. Her clothing was dirty, her zipper on her pants was broken, her hair was messed up, and she was in an agitated state. Later complainant related the details of the assaults to two police women in a slow, hesitant manner. She seemed quiet and distant. Complainant was taken for a medical exam, the results of which were inconclusive.

Appellant testified at trial. He stated he merely asked complainant for the time and when the bus was coming. He then walked with complainant with his arm around her. According to appellant, complainant pushed him and asked him for money. Appellant slapped her and told her to stop pushing him. As they were waiting for the bus, the police arrived and he was arrested. He denied sexually attacking the complainant.

## ISSUES

1. Is the evidence sufficient to convict appellant?

2. Did the trial court err in admitting expert testimony concerning reactions to shock events?

## ANALYSIS

I.

Appellant asserts the evidence was insufficient to convict him of criminal sexual conduct in the third degree and kidnapping. Corroboration of the testimony of a complainant in sex crime offenses is not required. Minn.Stat. § 609.347, subd. 1 (1982). Here, the complainant's testimony was corroborated by the physical evidence of her clothing and appearance, her emotional state, and her prompt reporting of the incident to the police. A jury reasonably could have concluded that appellant was guilty of the two offenses. *State v. Merrill*, 274 N.W.2d 99 (Minn.1978); *State v. Heinzer*, 347 N.W.2d 535 (Minn.Ct.App. 1984).

## II.

■ Appellant's second argument is that the trial court erred in admitting testimony by a doctor concerning victims' reactions to shocking events. He claims such testimony is barred by *State v. Saldana*, 324 N.W.2d 227 (Minn.1982).

Since defense counsel did not object to this evidence at trial we will not consider the issue. *See Vaughn v. Love*, 347 N.W.2d 818 (Minn.Ct.App.1984); *State v. Brown*, 348 N.W.2d 743 (Minn.1984).

## DECISION

The jury is entitled to believe a victim's account of events. The evidence was sufficient to convict appellant of criminal sexual conduct in the third degree and kidnapping.

Affirmed.