**STATE of Minnesota, Respondent,**

v.

**Bernard CLARK, Appellant.**

**No. C8–84–1521.**

Court of Appeals of Minnesota.

April 2, 1985.

Review Denied May 20, 1985.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief Appellate Div., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Bernard Clark was convicted by a jury of two counts of criminal sexual conduct in the first degree. Minn.Stat. §§ 609.342(c) and 609.342(e)(i) (1982). The latter count was dismissed at sentencing. He claims the evidence was insufficient to sustain his conviction and that he was denied a fair trial because of improper prosecutorial references to a missing witness. We affirm.

## FACTS

Heather Stewart, age 20, helped Clark and two other black men get a car unstuck from a snowbank. Stewart accepted a ride from Clark, who picked up some marijuana and, at Stewart's urging, bought some liquor. They went to Clark's apartment. In the apartment was Charlene Williams, Clark's 20-year-old niece, who shared his apartment.

Stewart and Clark left the apartment. Stewart repeatedly asked Clark to drive her to a bar so she could then go home but Clark insisted he would drive her home.

They returned to Clark's apartment and Stewart testified she was scared and started to run but Clark forced her up some stairs and pulled her down on a mattress in his bedroom. Stewart testified she asked Charlene if Clark was going to kill her and Charlene laughed and said she didn't know.

Shortly after, Clark entered the bedroom and ordered Stewart to remove her shirt and pants. She tried to fight him off but eventually complied with Clark's request for sex because she was scared from the tone of his voice and did not want to get hurt.

Stewart left the apartment around 4:00 a.m. wearing a chemise, Clark's robe, her boots and a borrowed coat. She called her brother from a gas station. When he picked her up, she told him she had been raped. A police car was stopped and Stewart reported the incident. The police went to Clark's apartment and, after a few minutes, were admitted by Charlene. Clark was found hiding in a closet and was arrested.

At trial Clark claimed that he and Stewart engaged in consensual sexual intercourse. He claimed he was hiding from an angry separated wife. Clark was convicted of two counts of criminal sexual conduct in the first degree; the second count was subsequently dismissed and Clark was sentenced on the count for engaging in sexual penetration under circumstances in which the complainant had a reasonable fear of imminent great bodily harm. Minn.Stat. § 609.342(c) (1982).

### ISSUES

1. Was the evidence sufficient to sustain the conviction?

2. Was appellant denied a fair trial because of improper prosecutorial references to a missing witness?

### ANALYSIS

#### I.

■ Appellant's claim regarding sufficiency of the evidence is primarily an attack on the credibility of Stewart. The jury found Stewart believable. On review, we find there is sufficient evidence to sustain the verdict. While Minn.Stat. § 609.-347, subd. 1 (1982) provides that the testimony of a complainant in a prosecution for criminal sexual conduct need not be corroborated, Stewart's testimony was corroborated by her prompt reporting, *State v. Trotter*, 354 N.W.2d 539, 540 (Minn.Ct.App. 1984), and her emotional state immediately after the incident. *State v. Jensen*, 322 N.W.2d 219 (Minn.1982).

#### II.

Clark contends he was denied a fair trial because of improper prosecutorial cross-examination and closing argument in referring to a missing witness, Charlene Williams.

■ 1. During cross-examination of Diane Williams, Charlene's aunt, the prosecutor attempted to impeach her testimony with prior inconsistent statements made to a county attorney investigator regarding the whereabouts of Charlene. The cross-examination did not unfairly suggest that Charlene's failure to testify was an acknowledgment that Clark was guilty.

■ 2. In his closing argument the prosecutor assessed the credibility of Heather Stewart. The crux of this case boiled down to her credibility. The prosecutor argued that Stewart was credible because she made herself vulnerable to the testimony of Charlene Williams. This was not improper argument. Moreover, Clark failed to object. *See State v. Parker*, 353 N.W.2d 122, 127–28 (Minn.1984).

■ 3. Finally, the prosecutor, in discussing Diane Williams' testimony, stated that Diane Williams knows the importance of Charlene Williams' testimony. This comment was objected to and sustained by the trial court. This minor statement, made during an evaluation of a witness's credibility, was not prejudicial to Clark. The prosecutor did not intimate that failure of Charlene Williams to testify was any indication that Clark was guilty. Under the standards set out in *State v. Caron*, 300 Minn. 123, 127–28, 218 N.W.2d 197, 200 (1974), any error was harmless.

#### III.

■ Clark's personal assertion that he was denied a fair trial and equal protection by the impaneling of an all white jury is without merit. *See Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

## DECISION

Appellant was not denied a fair trial and the evidence was sufficient to sustain his conviction.

Affirmed.