*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0168**

State of Minnesota,
Respondent,

vs.

Christopher Robert Nicholls,
Appellant

**Filed August 17, 2015
Affirmed
Chutich, Judge**

Dakota County District Court
File No. 19HA-CR-12-3676

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Heather D. Pipenhagen, Assistant County Attorney, Hastings, Minnesota (for respondent)

Rory P. Durkin, Jonathan D. McGrath, Giancola-Durkin, P.A., Anoka, Minnesota (for appellant)


        Considered and decided by Larkin, Presiding Judge; Chutich, Judge; and

Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Christopher Nicholls challenges the sufficiency of the evidence underlying jury verdicts convicting him of criminal sexual conduct in the third, fourth, and fifth degrees. Because the evidence was more than sufficient to show coercion and lack of consent, we affirm.

## FACTS

In October 2012, L.A., then age 18, was returning to her apartment with her roommate and four other friends. In the parking garage, her group encountered another group that included appellant Christopher Nicholls.

About an hour later, the two groups joined in L.A.'s apartment to socialize and to play drinking games. At some point, L.A.'s boyfriend realized that he had lost his wallet, but his phone had died so he could not call the store where he was earlier to see if it had been found. While most of the group helped him search for his wallet, L.A. went to her roommate's bedroom to get a phone charger.

As L.A. left the room, Nicholls accosted her in the hallway. He pushed L.A. against the wall and kissed her. He then pushed her into the bedroom and onto the bed. He pulled off L.A.'s shorts and began to digitally penetrate her, and then he started engaging in oral sex on her. Despite L.A. telling him "no" and "stop," Nicholls told her, "No, I know you want it" and continued.

L.A.'s roommate walked in, left, and then returned with a friend because she believed that L.A. needed help. Nicholls stopped, hid behind a door, and eventually fled.

The roommate called the police while L.A.'s boyfriend chased after Nicholls. Police eventually located Nicholls at a gas station and arrested him. Nicholls told police that he did not have sexual contact with L.A., claiming that they had just kissed.

L.A. underwent an examination at the hospital. A saliva sample found on L.A.'s vaginal area matched a saliva sample from Nicholls.

The state charged Nicholls with criminal sexual conduct in the third, fourth, and fifth degrees. At trial, L.A. testified to the facts recounted above. Nicholls claimed that the encounter was consensual. The jury convicted him of all three counts. Nicholls appealed.

## DECISION

Our review of the sufficiency of the evidence is "'limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did.'" *State v. Fields*, 679 N.W.2d 341, 348 (Minn. 2004) (quoting *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989)). We assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). "This is especially true where resolution of the case depends on conflicting testimony, because weighing the credibility of witnesses is the exclusive function of the jury." *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980). The verdict will not be disturbed if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the

3

defendant was proven guilty of the offense charged. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Nicholls first argues that the evidence was insufficient to prove that he committed third- and fourth-degree criminal sexual conduct. Specifically, he asserts that the evidence was insufficient to show coercion. We disagree.

A person commits criminal sexual conduct in the third degree if "the actor uses force or coercion to accomplish the [sexual] penetration." Minn. Stat. § 609.344, subd. 1(c) (2014). Similarly, a person commits criminal sexual conduct in the fourth degree if "the actor uses force or coercion to accomplish the sexual contact." Minn. Stat. § 609.345, subd. 1(c) (2014).

"Coercion" is defined as

> the use by the actor of words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm upon the complainant or another, or the use by the actor of confinement, or superior size or strength, against the complainant that causes the complainant to submit to sexual penetration or contact against the complainant's will. Proof of coercion does not require proof of a specific act or threat.

Minn. Stat. § 609.341, subd. 14 (2014).

Here, Nicholls concedes that the acts of pushing L.A. against the wall and pulling her into the bedroom could be construed as coercion. But he argues that because these acts occurred *before* any sexual penetration or contact, he cannot be guilty of third- or fourth-degree criminal sexual conduct. Because L.A. was unrestrained in the bedroom,

he contends, the confinement was unrelated to any criminal sexual conduct. This argument lacks merit.

To be guilty of third- or fourth-degree criminal sexual conduct, Minnesota law requires that the actor use force or coercion "to accomplish" the penetration or sexual contact. *See* Minn. Stat. §§ 609.344, subd. 1(c), .345, subd. 1(c). Although not defined in the statute, "accomplish" means "[t]o succeed in doing . . .; [to] carry out or complete." *The American Heritage Dictionary* 11 (5th ed. 2011). Based on this definition of accomplish, the coercion need not coincide with the sexual contact or penetration; it must be used to "carry out or complete" it. *Id.* Furthermore, caselaw states that the coercion required in criminal sexual conduct can precede, be separate from, or happen concurrent with criminal sexual conduct. *See, e.g.*, *State v. Middleton*, 386 N.W.2d 226, 230 (Minn. 1986). Because Nicholls pushed L.A. into a wall, pulled her into the bedroom, and then pushed her onto the bed—the site of the sexual contact and penetration—coercion was used to accomplish the criminal sexual conduct under the statute.

Nicholls next contends that the evidence was insufficient to find that the encounter was not consensual. Well-established caselaw shows that this argument lacks merit.

Minnesota law defines "consent" as "words or overt actions by a person indicating a freely given present agreement to perform a particular sexual act with the actor. Consent does not mean . . . that the complainant failed to resist a particular sexual act." Minn. Stat. § 609.341, subd. 4(a) (2014). The victim's testimony need not be corroborated to show lack of consent. *Id.*, subd. 4(c) (2014); *see also State v. Cao*, 788

5

N.W.2d 710, 717 (Minn. 2010) ("We have held that a conviction may be based on a single person's testimony.").

Here, Nicholls and L.A. gave very different accounts of the events that occurred. Because the jury found Nicholls guilty, we assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *Moore*, 438 N.W.2d at 108. "Although the testimony of the defendant and the complainant differed sharply, the jury is entitled to believe the complainant's account of the events." *State v. Heinzer*, 347 N.W.2d 535, 537 (Minn. App. 1984), *review denied* (Minn. July 26, 1984). Thus, L.A.'s testimony that she did not consent to the sexual contact was sufficient for the jury to find Nicholls guilty.

Based on the differing testimony, Nicholls asks us to evaluate the circumstantial evidence regarding consent. But whether the circumstantial evidence corroborates L.A.'s testimony is immaterial because L.A.'s testimony does not require corroboration. Minn. Stat. § 609.341, subd. 4(c). Accordingly, this argument fails.

**Affirmed.**